2016r00720

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 17-67 |
| | : | |
| v. | : | Hon. John Michael Vazquez |
| | : | |
| JULIE ANDRESEN | : | 18 U.S.C. § 1349 |

**INFORMATION**
(Conspiracy to Commit Health Care Fraud)

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information:

   a. A pharmaceutical company ("Pharmaceutical Company") located in New Jersey had a wholly self-funded health insurance plan for its employees. Individuals who received health care benefits through Pharmaceutical Company's health insurance plan were referred to as beneficiaries. Pharmaceutical Company's prescription drug benefit plan was administered by Express Scripts, Inc. ("Express Scripts"), a pharmacy benefit management organization. Under the agreement between Pharmaceutical Company and Express Scripts, Express Scripts processed pharmaceutical claims for beneficiaries through a network of retail pharmacies, among other places.

   b. If a Pharmaceutical Company beneficiary selected a network pharmacy, the pharmacy would collect any applicable co-pay from the beneficiary, dispense the drug to the beneficiary, and submit a claim for

reimbursement to Express Scripts, which would in turn adjudicate the claim and reimburse the pharmacy. At the end of each month, Pharmaceutical Company would reimburse Express Scripts for all expenditures made on behalf of Pharmaceutical Company's beneficiaries.

      c. Pharmaceutical Company's health insurance plan was a "health care benefit program," as defined by 18 U.S.C. § 24(b), that affected commerce.

      d. Defendant JULIE ANDRESEN was a Pharmaceutical Company employee and a resident of New Jersey. Defendant JULIE ANDRESEN and her husband were enrolled in Pharmaceutical Company's health insurance plan and had a prescription drug benefit plan that was administered by Express Scripts.

### Compounding and Company A

      e. Compounding is a practice where a licensed pharmacist combines, mixes, or alters ingredients of a drug in response to a prescription to create a medication tailored to the medical needs of an individual patient. Pharmacies engaging in the practice are referred to as "compounding pharmacies."

      f. Company A was a marketing company for various compounding pharmacies throughout the United States. Company A was paid by various compounding pharmacies for referring beneficiaries whose insurance plans would pay for compounded medications, such as compounded pain creams, scar creams and metabolic vitamins.

2.  From in or around September 2014 through in or around September 2015, in the District of New Jersey and elsewhere, defendant

JULIE ANDRESEN

did knowingly and intentionally conspire with others to knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money owned by, or under the custody or control of, a health care benefit program in connection with the delivery of or payment for health care benefits, items or services, contrary to Title 18, United States Code, Section 1347.

## Object of the Conspiracy

3.  It was an object of the conspiracy for defendant JULIE ANDRESEN and others to unlawfully enrich themselves by submitting false and fraudulent insurance claims for medically unnecessary compounded prescription medications to Express Scripts pursuant to Pharmaceutical Company's prescription drug benefit plan, wherein they received monetary payments from Company A for doing so.

## Manner and Means of the Conspiracy

4.  It was part of the conspiracy that defendant JULIE ANDRESEN and others solicited physicians for prescriptions for medically unnecessary compounded medications for themselves ("self-prescriptions") and for family members ("family-member prescriptions"), and caused those prescriptions to be filled by compounding pharmacies specifically designated by Company A.

3

5. It was further part of the conspiracy that Company A provided a percentage of the reimbursement that the compounding pharmacies received from Express Scripts and Pharmaceutical Company to defendant JULIE ANDRESEN and others in exchange for defendant JULIE ANDRESEN and others filling self-prescriptions and family member prescriptions under Pharmaceutical Company's prescription drug benefit plan.

6. It was further part of the conspiracy that defendant JULIE ANDRESEN, for the purpose of receiving monetary payment from Company A, approached a close friend ("Physician-1") at social gatherings with preprinted prescription forms listing various compounded medications. Defendant JULIE ANDRESEN would request Physician-1 to use the provided preprinted prescription form to prescribe medically unnecessary compounded scar creams and metabolic vitamins for defendant JULIE ANDRESEN and her husband. Defendant JULIE ANDRESEN would also request Physician-1 to authorize a year of refills on each prescription to maximize her payments from Company A. Physician-1 complied.

7. It was further part of the conspiracy that, for the purpose of receiving monetary payment from Company A, defendant JULIE ANDRESEN would fax her and her husband's prescriptions for compounded medications signed by Physician-1 to compounding pharmacies specifically designated by Company A. The compounding pharmacies would then cause the submittal of an insurance claim to Express Scripts for the payment of the prescriptions.

8. It was further part of the conspiracy that Express Scripts and Pharmaceutical Company reimbursed the compounding pharmacies anywhere between approximately $13,572 and approximately $43,689 for each of defendant JULIE ANDRESEN's and her husband's prescriptions. Company A would then pay JULIE ANDRESEN a percentage of the reimbursement.

9. It was further part of the conspiracy that from in or around September 2014 through in or around September 2015, defendant JULIE ANDRESEN caused Express Scripts and Pharmaceutical Company to reimburse various compounding pharmacies approximately $956,885.06 for compounded medications for defendant JULIE ANDRESEN and her husband.

10. It was further part of the conspiracy that from in or around September 2014 through in or around September 2015, defendant JULIE ANDRESEN received from Company A approximately $161,378.85 in payments for obtaining self-prescriptions and family-member prescriptions from compounding pharmacies specifically designated by Company A.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATION**

1.  As the result of committing one or more of the Federal health care offenses as defined in 18 U.S.C. § 24 alleged in this Information, defendant JULIE ANDRESEN shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to a sum of money equal to the amount of any and all proceeds traceable to the commission of the Federal health care offenses (as defined in 18 U.S.C. § 24) to which defendant JULIE ANDRESEN is pleading guilty.

### Substitute Assets Provision

2.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

_____
PAUL J. FISHMAN
United States Attorney

**CASE NUMBER: 17-**

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**JULIE ANDRESEN**

# INFORMATION FOR
18 U.S.C. § 1349

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

ERICA LIU
*ASSISTANT U.S. ATTORNEY*
*(973) 645-3989*

USA-48AD 8
(Ed. 1/97)