

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*    *(973) 645-2700*
*Newark, New Jersey  07102*

EDL/PL AGR

November 4, 2016

Judson A. Aaron, Esq.
Conrad O'Brien
1500 Market Street
Philadelphia, PA  19102-1921

17-67

Re:  Plea Agreement with Julie Andresen

Dear Mr. Aaron:

      This letter sets forth the plea agreement between your client, Julie Andresen, and the United States Attorney for the District of New Jersey ("this Office").  The government's offer to enter into this plea agreement will expire on November 11, 2016, if it is not accepted in writing by that date.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Julie Andresen to a one-count Information which charges her with knowingly and willfully conspiring to defraud a health care benefit program, contrary to Title 18, United States Code, Section 1347, in violation of Title 18, United States Code, Section 1349.  If Julie Andresen enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Julie Andresen for the unlawful obtaining and filling of compounded prescriptions through her employer's prescription drug benefit plan for which she received illegal monetary payments from Company A from in or around September 2014 through in or around May 2015.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Julie Andresen agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Julie Andresen may be commenced against her, notwithstanding the expiration of the limitations period after Julie Andresen signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Julie Andresen agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Julie Andresen is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Julie Andresen ultimately will receive.

Further, in addition to imposing any other penalty on Julie Andresen, the sentencing judge: (1) will order Julie Andresen to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Julie Andresen to pay restitution pursuant to 18 U.S.C. §§ 3663 et. seq.; (3) may order Julie Andresen, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (3) pursuant to 18 U.S.C. § 3583, may require Julie Andresen to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Julie Andresen be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Julie Andresen may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, Julie Andresen agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in the amount of $956,885.06.

Forfeiture

Julie Andresen agrees that as part of her acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), she will forfeit to the United States $161,378.85 in United States currency (the "Forfeiture Money Judgment"). Julie Andresen acknowledges that the Forfeiture Money Judgment represents forfeiture of property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of 18 U.S.C. § 1349, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. ~~On or before the date~~ Within ten (10) days of the date she enters her plea of guilty pursuant to this agreement, Julie Andresen shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Julie Andresen enters her plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Julie Andresen fails to pay any portion of the Forfeiture Money Judgment on or before the date of her guilty plea, Julie Andresen consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Julie Andresen further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Julie Andresen agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of

Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Forfeiture Money Judgment prior to the defendant's sentencing. Julie Andresen understands that the imposition of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Except as provided in the next paragraph, it is further understood that any forfeiture of Julie Andresen's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Julie Andresen hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law. In the event that any forfeited money is remitted or restored to eligible victims, then such remittance or restoration shall be treated as satisfaction or partial satisfaction of the restitution amount.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Julie Andresen by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Julie Andresen's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Julie Andresen agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual

findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Julie Andresen from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Julie Andresen waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Julie Andresen understands that, if she is not a citizen of the United States, her guilty plea to the charged offense may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Julie Andresen understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Julie Andresen wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Julie Andresen understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Julie Andresen waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Julie Andresen. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Julie Andresen.

No provision of this agreement shall preclude Julie Andresen from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Julie Andresen received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Julie Andresen and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ERICA LIU
Special Assistant U.S. Attorney

APPROVED:

JACOB ELBERG
Chief, Health Care & Government Fraud Unit

I have received this letter from my attorney, Judson A. Aaron, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____       Date: 11/22/16
Julie Andresen

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____       Date: 11/28/16
Judson A. Aaron, Esq.

## Plea Agreement With Julie Andresen

## Schedule A

1. This Office and Julie Andresen agree to stipulate to the following facts:

   a. The parties agree that the offense involved a total loss of $956,885.06.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.